**NATIONAL LABOR RELATIONS BOARD Petitioner/Cross–Respondent**

v.

**D.A. NOLT, INC. Respondent/Cross–Petitioner**

**No. 04–2321, 04–2681.**

United States Court of Appeals, Third Circuit.

Argued: Feb. 14, 2005.

Filed: June 22, 2005.

Before: SLOVITER, AMBRO and ALDISERT, Circuit Judges.

ORDER SUR PETITION FOR PANEL REHEARING

AIDISERT, Circuit Judge.

The petition for panel rehearing is granted to the extent that an amended judgment shall be entered.

AMENDED JUDGMENT

This cause came to be heard upon an application filed by the National Labor Relations Board, to enforce an order of the National Labor Relations Board in Board Case Nos. 4–CA–30325–1 and 4–CA–30325–2, issued against said Respondent, D.A. Nolt, Inc., its officers, agents, successors, and assigns, on December 15, 2003, and upon a cross-petition for review of said Order filed by Respondent. The Court heard argument of respective counsel on February 14, 2005, and has considered the

briefs and transcript of record filed in this cause. On May 4, 2005, the Court handed down its opinion. In conformity therewith, it is hereby

ORDERED AND ADJUDGED by the Court that the Respondent, D.A. Nolt, Inc., Berlin, New Jersey, its officers, agents, successors, and assigns, shall

1. Cease and desist from

    a. Refusing to recognize and bargain with the Union as the exclusive collective-bargaining representative of its employees in the following appropriate units:

        i. *Residential unit:* All journeymen roofers, helpers, foremen and all employees performing residential re-roofing, and slate, tile and shingle work on any job or project within the jurisdiction of the Union; excluding office clerical personnel, principals, guards and supervisors as defined in the Act.

        ii. *Commercial unit:* All journeymen roofers, apprentices and foremen and all employees performing commercial roofing work within the jurisdiction of the Union.

    b. In any like or related manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

    a. Recognize the Union as the exclusive collective-bargaining representative of the employees in the above-described residential and commercial units.

    b. On request, bargain with the Union as the exclusive representative of its employees in the residential bargaining unit, set forth above, concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement.

    c. Within 14 days after service by the Region, post at its facility in Berlin, New Jersey, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 4, after being signed by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since May 1, 2001.

    d. Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

IT IS FURTHER ADJUDGED AND ORDERED that the parties shall bear their own costs.